**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Robert CRAIG et al.,
Defendants-Appellees.**

No. 75–1592.

United States Court of Appeals,
Seventh Circuit.

Argued In Banc June 7, 1976.

Decided July 9, 1976.

Samuel K. Skinner, U. S. Atty., Chicago, Ill., for plaintiff-appellant.

Anna R. Lavin, Edward J. Calihan, Jr., Chicago, Ill., Harvey M. Silets, Chicago, Ill., for defendants-appellees.

Before FAIRCHILD, Chief Judge, and SWYGERT, CUMMINGS, PELL, SPRECHER, TONE, BAUER and WOOD, Circuit Judges.

PER CURIAM.

This interlocutory appeal by the government from an order granting defendant Markert's motion to suppress was originally heard by a panel comprised of Judges Cummings and Tone and Judge Robert L. Kunzig of the United States Court of Claims, sitting by designation. *United States v. Craig*, 528 F.2d 773 (7th Cir. 1976). The facts are set forth in the opinion of the panel majority.

The panel reversed the District Court's order but differed as to the grounds for reversal. All agreed that the existence of a privilege in this federal criminal proceeding was to be determined, not by the Illinois Constitution's Speech or Debate Clause, but by the federal law of evidence. The point of disagreement was whether the federal law of evidence included such a privilege. The majority, in an opinion by Judge Cummings, held that as a matter of federal common law, made applicable by Rule 501 of the Federal Rules of Evidence, Markert, a state legislator, enjoyed a common law speech or debate privilege which shielded him from inquiry into his acts as a legislator or the motives for those acts. The majority held that the suppression order should nevertheless be reversed because Markert, in testifying before the grand jury, had waived his privilege by answering questions concerning privileged matters rather than relying on his privilege. A concurring opinion by Judge Tone agreed with the result on the ground that there was no speech or debate privilege under the federal common law of evidence and did not reach the waiver issue. In summary, the concurring position was that the protection afforded state legislators under the federal law for acts done in their legislative roles is based on the common law doctrine of official immunity, the privilege is commensurate with the immunity, and since the immunity does not extend to criminal liability neither should the privilege.

After rehearing the case in banc, a majority of the court, Judges Pell, Sprecher, Tone, Bauer, and Wood, are persuaded that the views set forth in the panel concurring opinion are correct, and they vote to reverse on that ground. Judge Cummings adheres to the views set forth in the panel majority opinion, and concurs for the reasons there stated.

Since the reasons supporting the differing views of the in banc majority and concurring judge are fully set forth in the panel opinions, restating those reasons here would serve no purpose. The majority wishes to note, however, that the absence of

a privilege has no relationship to the proof necessary to establish a crime involving official corruption; and that although a legislator's voting record and other legislative conduct is not privileged from inquiry it would not, standing alone, support an inference of wrongdoing or improper motive. Proof *aliunde* will be required.

Chief Judge Fairchild is of the view that the constitutional relationship between the states and the United States requires federal courts to recognize and honor the Speech or Debate Clause of the Illinois Constitution, but would hold that the privilege was waived for the reasons stated by the panel majority. Judge Swygert agrees with the panel majority as to the existence of the privilege and the reasons therefor but would affirm because he believes the privilege was not waived.

The order appealed from is reversed, and the case is remanded with directions to overrule the motion to suppress.