COMMONWEALTH *vs.* DEAN J. LECAIN. April 26, 1985. *Evidence*, Privileged communication, Collateral matter. *Social Worker.*

After a jury trial in the Superior Court the defendant, Dean J. LeCain, was convicted of murder in the second degree for the killing of the one-year-old daughter of Corleen D., the woman with whom LeCain was living. On appeal, the defendant argues that the trial judge erred in excluding communications in notations in records of social workers and notations in hospital records. The defendant contends that the evidence would have impeached Corleen's testimony that she was an easy going person who got along well with her family and loved her child and so might have shown that she had a motive to kill the child.

The records in question were made approximately one year before the murder and cover the nine-day period immediately following the child's birth. The complete records of the social workers comprise fifty pages of typed and handwritten material and include communications between members of Corleen's family and various social workers, case review worksheets, and proposed service plans. From these records LeCain's trial counsel proposed to extrapolate and introduce communications (a) made by Corleen's mother and other family members on various dates to licensed social workers concerning Corleen's temper and incidents between Corleen and other siblings in the family and (b) communications made by physicians to social workers concerning Corleen's mental state. As noted, the records were compiled by the social workers shortly after the child was born and about one year before her murder. In most instances, there is no indication of when the incidents mentioned in the communications to the social workers

had occurred except for two communications involving matters, including a doctor's visit, which preceded the child's birth by four years. The hospital records contain various notations that, after the birth of her child, Corleen was anxious, upset, subdued and uncommunicative, that she did not bond well or appropriately to the child, and that she left the hospital without the child, returning three days later with her mother into whose care the child was released.

1. *The records of the social workers.* The Legislature has enacted G. L. c. 112, § 135, which protects the confidentiality of a person's communications to a social worker except in certain carefully defined situations. Barring the applicability of an exception, all communications to a social worker, whether they were acquired from a specific client or not, are privileged as long as they were made to a social worker in his or her professional capacity. *Commonwealth* v. *Collett*, 387 Mass. 424, 428-430 (1982). There is no question that all the communications pertaining to Corleen which were sought to be introduced at the trial fell within the scope of the privilege. There was no argument made below that the communications were subject to any one of the exceptions to the statute.

It is argued for the first time on appeal, however, that the exception in § 135(*b*) of the statute, inserted by St. 1977, c. 818, § 2, which exempts from confidentiality "a communication that reveals the contemplation or commission of a crime or a harmful act," may apply to some of the communications. It is obvious that the exception does not apply in view of the remoteness of the information involved and the fact that the information does not "relate directly to the fact or immediate circumstances of a crime." *Commonwealth* v. *Collett*, 387 Mass. at 435. There is nothing to the contrary in *Commonwealth* v. *Clemons*, 12 Mass. App. Ct. 580 (1981). In that case the privilege contained in G. L. c. 112, § 135, was not involved, and the statements in question qualified as prior inconsistent statements. Nor is there anything in this case which would require us to consider whether application of the privilege to the communications in issue improperly deprived the defendant of his right to present material evidence in his defense under the reasoning of decisions such as *Washington* v. *Texas*, 388 U.S. 14 (1967), and *Chambers* v. *Mississippi*, 410 U.S. 284 (1973). Our conclusion that the privilege applies makes it unnecessary to consider the defendant's other arguments, seeking to admit the communications as business records under G. L. c. 233, § 78. We note, however, that the totem-pole hearsay involved in the communications would, in any event, make the exception inapplicable to them. See *Wingate* v. *Emery Air Freight Corp.*, 385 Mass. 402, 405-406 (1982). See also *Commonwealth* v. *DeBrosky*, 363 Mass. 718, 725 n.6 (1973); *Kelly* v. *O'Neil*, 1 Mass. App. Ct. 313, 316-317 (1973).

2. *The hospital records.* We are satisfied that the trial judge had sufficient reason to exclude the notations in these records. First, they concerned events that occurred about one year before the murder and thus were too distant in

time to be probative. " 'The proximity to the crime in point of time is an element which the judge in his discretion may consider in viewing the probative value of the evidence.' " *Commonwealth* v. *Palmariello*, 392 Mass. 126, 137 (1984). Second, they concerned events which were collateral to the murder. If credited, they would have shown at best only that at the time of the child's birth Corleen was anxious and upset about becoming a mother and that there may have been some question then about her fitness to be a mother. This was clearly only an ancillary issue which, if pursued, would have likely necessitated a lengthy, confusing, and unfruitful exploration of additional evidence, largely opinion in nature. This additional evidence would have shown that Corleen, despite her initial reaction to the child's birth, had become an adequate parent who displayed love and concern for her child. In exercising sound discretion a judge may exclude evidence if the danger of confusion, unfair prejudice or undue consumption of time in the trial of collateral issues outweighs the probative value of the evidence. See *Robitaille* v. *Netoco Community Theatre*, 305 Mass. 265, 267-268 (1940); *Commonwealth* v. *Sherry*, 386 Mass. 682, 693 (1982). There was no abuse of discretion here.

*Judgment affirmed.*

*Jack M. Atwood* for the defendant.
*John P. Corbett*, Assistant District Attorney, for the Commonwealth.