COMMONWEALTH *vs.* ROBERT M. REXACH. May 28, 1985. *Search and Seizure,* Consent, Exigent circumstances. *Evidence,* Hospital record, Privileged communication. *Practice, Criminal,* Sentence.

A jury in the Superior Court found the defendant guilty of possession of cocaine with intent to distribute it and possession of diazepam, another controlled substance. On appeal, the defendant contends, first, that his pretrial motion to suppress evidence was erroneously denied; second, that he was prejudiced at trial by an adverse ruling on his offer to have certain hospital records admitted in evidence; and third, that there was an error in sentencing. Other than the sentencing error, as to which both parties agree, we discern no reversible error.

1. *The motion to suppress.* Three Medford police officers went to the apartment occupied by the defendant and his wife in response to the wife's report of domestic violence. An altercation was in progress when the police arrived. The wife was screaming and had two black eyes. The defendant was holding her and shouting threats. The police entered the living room of the apartment and, after some excited discussion, the husband agreed to leave the premises. He continued to shout at his wife, threatening to kill her. He told the officers that he had broken her nose two weeks earlier. While the other police officers remained with the wife, one followed the defendant down a hallway to the bedroom where he was going to pack some belongings. The officer's purpose in following the defendant to the bedroom, the motion judge found, was "to maintain the safety of the household, and to prevent [the defendant] from possibly obtaining a weapon." While the officer stood at the doorway watching the defendant, the evidence in question came into his plain view.

The defendant's contention is that the officer was not justified in moving from the living room area to the bedroom area because his presence in the bedroom area exceeded the scope of the wife's consent. We agree with the motion judge, who ruled, on the basis of the facts as he warrantably viewed them, that the Commonwealth had sustained its burden of proof that the search, conducted without a warrant, was valid on the basis of the wife's consent. "What, if any, limitations on the consent are implied by the language or conduct of the consenting party is a question in the first instance for the judgment of the police officers to whom the consent is given. The ultimate question is whether, in light of all the circumstances, a man of reasonable caution would be warranted in the belief that some limitation was intended by the consent giver." *Commonwealth* v. *Cantalupo,* 380 Mass. 173, 178 (1980). In determining whether the officer's movement through the apartment exceeded the scope of the wife's consent, the question is whether he acted reasonably in light of what was communicated to him and what was occurring. Clearly the precaution taken in attempting to keep the defendant within view while he was still acting towards his wife in a hostile and threatening manner was reasonably construed by the officer as falling within the scope of the consent given.

Although we need not decide whether the search fell within a further exception to the warrant requirement of the Fourth Amendment, we add that the police officer's actions were justified by the exception for exigent circumstances. "[W]hether an exigency existed, and whether the response of the police was reasonable and therefore lawful, are matters to be evaluated in relation to the scene as it could appear to the officers at the time, not as it may seem to a scholar after the event with the benefit of leisured retrospective analysis." *Commonwealth* v. *Young*, 382 Mass. 448, 456 (1981). *Commonwealth* v. *Marchione*, 384 Mass. 8, 11 n.6 (1981). The presence of the officer at the bedroom entrance was a reasonable response to the emergency. See *Commonwealth* v. *Fiore*, 9 Mass. App. Ct. 618, 620 (1980), cert. denied, 449 U.S. 938 (1980). Although Fourth Amendment rights are paramount, in family abuse situations, such as the one which was in progress in the Medford apartment, G. L. c. 209A, § 6, inserted by St. 1978, c. 477, § 2, *requires* that the police officers "use all reasonable means to prevent further abuse." Cf. *Commonwealth* v. *Marchione, supra* at 12. The officer at the time had a duty to use his best judgment to protect the wife. So long as he acted reasonably, he should not be faulted for choosing one of several alternative ways of performing that duty. The salutory purpose underlying the family abuse law would be frustrated if it were to be interpreted in an overly restrictive manner.

2. *The admissibility of the hospital records.* The thrust of the defense at trial was that the drugs belonged to the defendant's wife, who was a drug addict and who used large quantities of cocaine. Thus, the defendant, if he possessed the drugs, would not have done so with intent to distribute them. The defendant's wife did not testify. He did testify and informed the jury in response to questions that his wife had been a heavy cocaine user, consuming two to three grams daily. He sought to buttress this testimony by offering the complete records of his wife's two hospitalizations in August of 1983, approximately six months after the incident in the Medford apartment. The 188 pages of records included, among other things, material about the wife's lengthy history of problems with cocaine and other drugs. The prosecutor objected to their admission on various grounds including relevancy, multiple level hearsay, undue prejudice, and privilege. After a lengthy side bar conference, the judge correctly ruled that the material was relevant to the defendant's case. He limited defense counsel, however, to a brief statement of the contents of the two discharge summaries. Thus, the jury were informed of the two hospitalizations and the fact that the wife had been diagnosed as a cocaine addict and a user of other drugs. The defendant's attorney voiced his objection to the judge's refusal to admit those portions of the records not within the psychotherapy privilege.

Those portions of the records which were relevant to the issues and which recorded statements of the wife based upon her personal knowledge may have been admissible under G. L. c. 233, § 79. See *Bouchie* v. *Murray*, 376 Mass. 524, 531 (1978). Much of the material, however, was privileged

Rescript Opinions.

under G. L. c. 233, § 20B,[1] inserted by St. 1968, c. 418. The first hospital admission was psychiatric in nature and the second was for drug treatment, and many of the relevant statements in both records appear to have been made to psychotherapists as defined in the statute. The wife, whose privilege it was, did not waive it.

The objection made by defense counsel to the judge's ruling referred generally to the exclusion of reports of persons other than psychotherapists. The objection should have been more specific as to the pages of the reports defense counsel was still pressing to have admitted after the discussion at the bench. We do not say that the objection was inadequate to preserve the issue for appellate review, however, in light of the apparent finality with which the judge ruled and some impatience expressed by him over the presentation of the particular defense and the scheduling of other matters. We also understand the defendant's contention that the records themselves, being more detailed and forceful than the summary statement from counsel, might have caused the jury to place more credence in his defense. Nevertheless, the information in substance having been imparted to the jury, we conclude that the judge's ruling was a reasonable exercise of his discretion. *Commonwealth* v. *Reid*, 384 Mass. 247, 260 (1981). *Commonwealth* v. *Perry*, 385 Mass. 639, 643-644 (1982). *Commonwealth* v. *Bohannon*, 385 Mass. 733, 750 (1982). *Commonwealth* v. *Ennis*, 2 Mass. App. Ct. 864, 865 (1974).

3. The illegal two-year suspended sentence imposed for possession of diazepam must be struck. General Laws c. 94C, § 34, as amended throught St. 1975, c. 369, provides a maximum sentence of one year. The defendant agreed at the arguments that the sentence may be corrected by modification down to one year. The sentence should therefore be modified to one year, suspended.

Accordingly, the judgment on No. 1451, as so modified, is affirmed. The judgment on No. 1452 is affirmed.

*So ordered.*

*Alan D. Rose* (*Martin C. Pentz* with him) for the defendant.
*Cynthia J. Weigel*, Assistant District Attorney, for the Commonwealth.

---

[1] That section provides that "a patient shall have the privilege of refusing to disclose, and of preventing a witness from disclosing, any communication, wherever made, between said patient and a psychotherapist relative to the diagnosis or treatment of the patient's mental or emotional condition."