### In re PRODUCTION OF RECORDS TO the GRAND JURY.

No. 85–629–Y.

United States District Court, D. Massachusetts.

Oct. 2, 1985.

---

Susan Via, Asst. U.S. Atty., Boston, Mass., for U.S.

## AMENDED MEMORANDUM AND ORDER

YOUNG, District Judge.

On September 6, 1985, the United States petitioned this court for an order directing the Massachusetts Department of Social Services ("Department") to furnish to the Grand Jury of the United States District Court for the District of Massachusetts all records, reports, and memoranda required for their investigation of a suspected crime committed within the jurisdiction of this federal court. Responding to an earlier request by the United States Attorney, the Department stated by letter that it would not produce the documents requested. The Department claims a privilege against disclosure based on Mass.Gen.Laws, chs. 66A, 112 § 135, and 119 § 51E—state statutes protecting communications to a social worker in his or her professional capacity or relating to such confidentiality.

The United States now comes before this court requesting an Order to compel the Department to produce the records, reports, and memoranda above. The United States submits only a general affidavit in support of this petition. On this record, for the reasons stated below, and in reliance upon the decision of the Court of Appeals for the First Circuit in *In Re Hampers*, 651 F.2d 19 (1st Cir.1981), this court Denies the petition of the United States without prejudice.

First, the Grand Jury has not yet subpoenaed the requested records, apparently believing that—in view of the letter from the Department—such a subpoena would be a futility. Still, it is much to be preferred that a Grand Jury proceed in such circumstances by way of a formal subpoena. *See In re Melvin*, 546 F.2d 1, 4–5 (1st Cir.1976). Proceedings to enforce or quash a subpoena are desirable as they avoid the *ex parte* nature of the present application.

Second, this court recognizes, as a matter of federal evidentiary law, a qualified privilege for those records of the Department which concern communications made to a social worker in his or her professional capacity, whether acquired from a specific patient or a third party, insofar as the communication relates to the care and treatment of the patient.[1] As a *qualified*

---

**1.** This ruling in no way disturbs the existing statutory exceptions operative under the law of the Commonwealth.

privilege, it may be overcome by the Grand Jury upon affidavit by its Foreperson establishing two specific elements. The affidavit must show that:

1) The Grand Jury needs the documents in a federal criminal investigation conducted pursuant to its duty under law, and

2) The requested documents, or equally probative information, cannot be obtained elsewhere through reasonable efforts.

Should such an affidavit be filed with the court, the court will review the matter afresh.

## I.

The United States argues that the Department errs in claiming a privilege under Massachusetts state law because state-created privileges are not controlling in federal criminal cases but, rather, are determined by federal common law. *United States v. Chiarella*, 588 F.2d 1358, 1372 (2d Cir.1978), *rev'd on other grounds*, 445 U.S. 222, 100 S.Ct. 1108, 63 L.Ed.2d 348 (1980). Therefore, the United States reasons that federal law pertaining to privileges applies in criminal cases tried in federal courts. Fed.R.Evid. 501; *See United States v. Craig*, 528 F.2d 773, 776 (7th Cir.), *cert. denied*, 425 U.S. 973, 96 S.Ct. 2171, 48 L.Ed.2d 796 (1976), *reh'g*, 537 F.2d 957 (7th Cir.), *cert. denied*, 429 U.S. 999, 97 S.Ct. 526, 50 L.Ed.2d 609 (1976). In effect, the United States suggests that because the federal common law has not created any of the privileges asserted in this case by the Department, this court should not recognize them now.

On the other hand, the Department contends that it is bound by Massachusetts law and cannot release these records without the written consent of the subject, his parents, or guardian, or pursuant to an order from a court of competent jurisdiction. Mass.Gen.Laws chs. 66A, 112 § 135,

**2.** The Courts of Appeal generally adopt a standard of flexibility and discretion in the recognition of state privileges in the federal courts. *See e.g., In Re Hampers*, 651 F.2d 19, 22 (1st Cir. 1981); *Memorial Hosp. for McHenry County v.*

119 § 51E. The Department specifically draws the attention of the court to a decision of the Massachusetts Supreme Judicial Court interpreting this privilege. *Commonwealth v. Collett*, 387 Mass. 424, 439 N.E.2d 1223, 1226 (1982).

## II.

■ Even were the state privilege to have the scope described by the Department, this court is not required to recognize this privilege in federal criminal proceedings. *United States v. Gillock*, 445 U.S. 360, 368, 100 S.Ct. 1185, 1191, 63 L.Ed.2d 454 (1980) (Where Tennessee law recognized a legislative privilege for state senators, the federal court in a criminal prosecution was not required to recognize an analogous privilege).[2] In addition, Fed. R.Evid. 501 instructs this court that recognition of a privilege "shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in light of reason and experience." Above all, Rule 501 envisions the flexible development of the federal common law of privilege on a case-by-case basis. *Gillock*, 445 U.S. 360, 367, 100 S.Ct. 1185, 1190.

■ In developing the federal common law of privilege, this court must appraise both the federal and state interests in this matter. The purpose and force of the particular federal interest involved must be balanced against the rationale and comparative strength underlying the particular evidentiary privilege claimed. *Ott v. St. Luke Hospital of Campbell County, Inc.*, 522 F.Supp. 706, 707 (E.D.Ky.1981). Moreover, as a principle of comity, federal courts should recognize state evidentiary privileges where this can be accomplished at no substantial cost to federal substantive and procedural policy. *In Re Jury Impanelled January 21, 1981*, 535 F.Supp. 537, 541 (D.N.J.1982); *Shafer v. Parkview*

*Shadur*, 664 F.2d 1058, 1061 (7th Cir.1981); *United States v. Chiarella*, 588 F.2d 1358, 1372 (2nd Cir.1978); *United States v. Craig*, 528 F.2d 773, 776 (7th Cir.1976), *United States v. Meagher*, 531 F.2d 752, 753 (5th Cir.1976).

*Memorial Hospital*, 593 F.Supp. 61, 63 (N.D.Ind.1984) [Both citing *United States v. King*, 73 F.R.D. 103, 105 (E.D.N.Y. 1976)].

## III.

■ *In Re Hampers, supra,* suggests the analytical framework for balancing the differing state and federal interests in this case. In *Hampers* the Court of Appeals applied a four point analysis to determine whether, and to what extent, the federal common law of privilege would recognize a statutory privilege against disclosure given the State Tax Commissioner under Mass. Gen.Laws ch. 62C, §§ 21 and 22. Simply phrased, the four factors follow:

1. Would the courts of Massachusetts recognize such a privilege?

2. Is the state's asserted privilege "intrinsically meritorious in our independent judgment"?

3. Should such a privileged relationship be "sedulously fostered"?

4. Is injury that would inure to the relation by the disclosure of the communication greater than the benefit thereby gained?

*In Re Hampers*, 651 F.2d 19, 22–23, relying on *American Civil Liberties Union of Mississippi, Inc. v. Finch*, 638 F.2d 1336 (5th Cir.1981). *See Schafer v. Parkview Memorial Hospital, Inc.*, 593 F.Supp. at 64.

Under the *Hampers* analysis, the court initially must ask whether the courts of Massachusetts would recognize such a privilege. That they would—and have—is incontrovertible. The Massachusetts legislature speaks clearly about privileged communications between a patient and his or her social worker. Mass.Gen.Laws chs. 66A, 112 § 135, and 119 § 51E. Barring the application of a statutorily specified exception, all communications to a social worker, in his or her professional capacity, whether they were acquired from a specific client or a third party, are privileged. *Commonwealth v. LeCain*, 19 Mass.App. Ct., 1034, 477 N.E.2d 205, 206 (1985) (citing *Commonwealth v. Collett*, 387 Mass. 424, 428–430, 439 N.E.2d 1223 (1982)); [3] *see Commonwealth v. Dunne*, 394 Mass. 10, 474 N.E.2d 538, 543 (1985). Certainly the Commonwealth of Massachusetts recognizes the social worker-patient privilege.

Second, this court asks whether the state social worker-patient privilege is "intrinsically meritorious." The court so rules. The very confessional required for a patient's cure should not lightly be used to cause him harm. Between a social worker and a patient, the avenues of painful and even embarrassing disclosure must not be obstructed by fear and mistrust. With reason and from experience, this court respects both the legislative policy evident in Mass.Gen.Laws chs. 66A, 112, § 135, and 119, § 135, and the judicial process made manifest in the decisions of the courts of the Commonwealth. Under these circumstances and upon the meager record in this case, this court can see no reason to second-guess the Massachusetts legislative determination that the patient-social worker relationship should be "sedulously fostered."

At this point in time the Grand Jury offers little to substantiate the benefit to be gained by ordering the Department to disclose its records. Only an adequate affidavit could provide such evidence. Absent this, the court concludes that the potential for injury to the social worker-patient relationship could well be greater than the benefit gained by the Grand Jury.

## IV.

■ The court does not underestimate the difficulty of the Grand Jury's task as it

---

**3.** The Massachusetts legislature has recognized analogous privileges for psychiatrists and psychotherapists. Mass.Gen.Laws ch. 233, § 20B; *Commonwealth v. Kobrin*, 395 Mass. 284, 479 N.E.2d 674, 680, 682 (1985) (recognizing a psychotherapist-patient privilege though ordering psychiatrist to disclose to a grand jury records of patient appointments and fees where Medicaid fraud was at issue). *See also Alberts v. Devine*, 395 Mass. 59, 479 N.E.2d 113, 119 (1985); *Commonwealth v. Rexach*, 20 Mass. App.Ct. 919, 478 N.E.2d 744, 746–747 (1985).

performs its legal duty as charged. To accommodate both the public policy of the Commonwealth and the orderly and effective prosecution of federal crimes, the privilege against disclosure accorded the Department in regard to communications to social workers is not absolute but qualified.[4] It may, therefore, be set aside if by affidavit the Grand Jury satisfies this court that it 1) needs the documents in a federal criminal investigation conducted pursuant to its duty under law, and 2) cannot obtain the requested documents, or equally probative information, elsewhere through reasonable efforts. It is not necessary that probable cause be shown to believe that these particular records contain some specified data. That is too heavy a burden at this point. Criminal investigation must begin somewhere and a Grand Jury has a proper investigative function. Rather, it is sufficient to show the nexus between 1) the pending investigation and the documents in question, and 2) the reasons why the Grand Jury believes it cannot obtain equally probative information by following out some non-privileged approach. Should such an affidavit be presented, this court will then be in a position to determine whether to hold a hearing in chambers during which both the United States and the Department may be heard on the issue of whether the qualified privilege ought yield to the interest in effective enforcement of the federal laws.[5] On the present record, however, the requested order must be denied without prejudice to its renewal with proper supporting affidavits should the Department not comply with a subpoena for the requested records.

It is so ordered.

---

**4.** This court is not alone in following the First Circuit to find a qualified privilege through a balancing analysis. *In Re Cruz,* 561 F.Supp. 1042, 1046 (D.Conn.1983); *In Re Jury Impanelled January 21, 1981,* 535 F.Supp. 537, 542 (D.N.J.1982). While these matters involved privileges asserted by several state Tax Commissioners as against a Grand Jury, this court finds no compelling reason to distinguish the privileges asserted by the Department and those asserted by the Tax Commissioners. Thus, upon reflection and as a matter of federal common law, this court is reluctant to pick and choose among state privileges where the legislature has created similar privileges by similar statutes.

**5.** Such a procedure need not result in disclosure to the Department of the confidences of the Grand Jury. *In Re Grand Jury,* 751 F.2d 13, 15 (1st Cir.1983) ("The district court held a closed evidentiary hearing on the attorneys' motion [to quash grand jury subpoenas].... The government also filed an *in camera* affidavit that described the nature of its investigation and the basis for the subpoenas in greater detail"). *See e.g. In Re Grand Jury Proceedings (Gordon),* 722 F.2d 303, 309 (6th Cir.1983); *In Re Grand Jury Proceedings (Freeman),* 708 F.2d 1571, 1575 (11th Cir.1983) and cases cited therein.