**NICHOLS et al., Appellants,**

v.

**VILLARREAL et al., Appellees.**

[Cite as *Nichols v. Villarreal* (1996), 113 Ohio App.3d 343.]

Court of Appeals of Ohio,
Fourth District, Scioto County.

No. 96 CA 2402.

Decided Aug. 8, 1996.

344

*Luper, Sheriff & Neidenthal, Jack L. Stewart* and *Brigid E. Heid,* for appellants.

*Bannon, Howland & Dever Co., L.P.A.,* and *Robert E. Dever,* for appellees.

PETER B. ABELE, Presiding Judge.

This is an appeal from a summary judgment entered by the Scioto County Common Pleas Court in favor of Richard R. Villarreal, M.D., and Richard R. Villarreal, M.D., Inc., defendants below and appellees herein, (hereinafter "appellee"), and against John Nichols, John Nichols as administrator of the estate of William Nichols, Dorthea Nichols, and Jerry E. Nichols, plaintiffs below and appellants herein.

Appellants assign the following error:

"The trial court committed reversible error in granting summary judgment in favor of defendants Villarreal."

On December 6, 1991, appellants filed the instant medical malpractice action against appellee. On June 5, 1992, appellee filed a motion for leave to file a third-party complaint. The trial court granted the motion. On June 9, 1992, appellee filed a third-party complaint against the Ohio Department of Mental Health and Mental Retardation. On June 22, 1992, appellee filed an amended third-party complaint against the Ohio Department of Mental Health and the Ohio Department of Mental Retardation and Developmental Disabilities rather than against the Ohio Department of Mental Health and Mental Retardation.

Also on June 22, 1992, the Ohio Department of Mental Health filed a motion to dismiss the third-party complaint, alleging that the Court of Claims has exclusive original jurisdiction over the controversy between appellee and the Ohio Department of Mental Health.

On June 30, 1992, the trial court, in response to appellee's petition to remove the action to the Court of Claims pursuant to R.C. 2743.03, directed the clerk of courts to transmit all pleadings to the Court of Claims. On July 2, 1992, the trial court, citing the transfer of the action to the Court of Claims, overruled the Ohio Department of Mental Health's motion to dismiss the third-party complaint.

On June 7, 1993, appellee filed a motion in the Court of Claims pursuant to R.C. 2743.02(F), seeking a determination of whether appellee was an officer or employee of the state of Ohio and thereby entitled to immunity pursuant to R.C. 9.86. After conducting an evidentiary hearing on the motion, the Court of Claims determined that appellee was not an officer or employee of the state of Ohio and that appellee was therefore not entitled to immunity pursuant to R.C. 9.86.

On March 31, 1994, the Franklin County Court of Appeals affirmed the decision of the Court of Claims. See *Nichols v. Villarreal* (1994), 94 Ohio App.3d 173, 640 N.E.2d 557. The Franklin County Court of Appeals discussed the statutes and the facts involved in this action as follows:

"Pursuant to R.C. 2743.02(F), the trial court had the exclusive original jurisdiction to determine initially Villarreal's immunity under R.C. 9.86, which provides:

" '[N]o officer or employee shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.'

"By its terms, R.C. 9.86 requires a preliminary determination concerning the status of an individual defendant, as the immunity provided under that section applies to officers or employees of the state. R.C. 109.36 defines a 'state officer' or 'employee' as:

" '[A]ny person who, at the time a cause of action against him arises, is serving in an elected or appointed office or position with the state; is employed by the state; or is rendering medical, nursing, dental, podiatric, optometric, physical therapeutic, psychiatric or psychological services pursuant to a personal services contract with a department, agency, or institution of the state. Officer or employee does not include any person elected, appointed, or employed by any political subdivision of the state.'

" * * *

" * * * Without a specific provision granting such immunity, we are unable to conclude on this record that the trial court erred in finding that Villarreal was not an employee of and was not working under a personal services contract with the state." *Id.,* at 175–176, 178, 640 N.E.2d at 558, 559.

On September 29, 1994, appellee filed a motion for summary judgment in the Scioto County Common Pleas Court. In a memorandum accompanying the motion, appellee argued that pursuant to R.C. 340.03(D) and R.C. 2744.03(A)(6) he is entitled to immunity.

On May 19, 1995, the Court of Claims remanded the case to the Scioto County Common Pleas Court.

On July 21, 1995, appellee filed a supplemental memorandum in support of his September 29, 1994 motion for summary judgment. In the supplemental memorandum, appellee argued that he is a state officer or employee entitled to immunity from liability pursuant to R.C. 9.86. Although appellee acknowledged that the Court of Claims and the Franklin County Court of Appeals had decided otherwise, appellee argued that the Ohio General Assembly had amended the R.C. 109.36(A) definition of "officer or employee" to include physicians who, like appellee, render medical services to patients in state institutions operated by the Department of Mental Health pursuant to an agreement between an institution and a board of alcohol, drug addiction, and mental health services.[1]

Amended R.C. 109.36(A) became effective on July 22, 1994, approximately four months after the Franklin County Court of Appeals affirmed the judgment of the Court of Claims. Appellee argued that the new R.C. 109.36(A) should be applied retroactively. In support of this argument, appellee submitted an affidavit of Vernal G. Riffe, Jr., which provided as follows:

"1. On July 22, 1994, I was Speaker of the House of Representatives for the State of Ohio;

"2. Further, I am personally familiar with the passage of House Bill 715, amending Section 109.36 of the Ohio Revised Code, and said House Bill became effective on July 22, 1994;

"3. The aforesaid House Bill was specifically passed to clarify the prior intent of the Legislature to afford immunity from civil malpractice actions to Dr. Richard Villarreal and to all physicians similarly situated who were and are working in State of Ohio mental hospitals;

---

1. We have underlined the portion of R.C. 109.36(A) that was added to the statute effective on July 22, 1994 as follows:

"(A) 'Officer or employee' means any person who, at the time a cause of action against him arises, is serving in an elected or appointed office or position with the state; is employed by the state; is rendering medical, nursing, dental, podiatric, optometric, physical therapeutic, psychiatric, or psychological services pursuant to a personal services contract with a department, agency, or institution of the state; or is rendering medical services to patients in a state institution operated by the department of mental health, is a member of the institution's staff, and is performing the services pursuant to an agreement between the state institution and a board of alcohol, drug addiction, and mental health services described in section 340.021 of the Revised Code. Officer or employee does not include any person elected, appointed, or employed by any political subdivision of the state." Sub. H.B. No. 715, 145 Ohio Laws, Part IV, 7061.

"4. The aforesaid statute was intended to apply to all litigation pending or filed thereafter, and to grant immunity from civil suit to Dr. Richard Villarreal and to physicians in positions similarly situated."

On August 31, 1995, appellants filed a memorandum opposing appellee's motion for summary judgment. In the memorandum, appellants argued that pursuant to R.C. 2743.02(F) the Court of Claims has exclusive original jurisdiction to determine whether appellee is immune from liability pursuant to R.C. 9.86. Appellants noted that in *Nichols v. Villarreal* (1994), 94 Ohio App.3d 173, 640 N.E.2d 557, the Franklin County Court of Appeals affirmed the judgment of the Court of Claims holding that appellee is not immune from liability pursuant to R.C. 9.86. Appellants, acknowledging that R.C. 109.36(A) had been amended, argued that the amendment is not retroactive. Appellants cited R.C. 1.48 for the proposition that a statute is presumed to be prospective in its operation unless expressly made retroactive.

On September 6, 1995, appellee filed a reply memorandum. In it, appellee again argued that the amended R.C. 109.36 should be applied retroactively.

On December 15, 1995, the trial court entered judgment granting appellee's motion for summary judgment. The trial court found that the Ohio General Assembly intended amended R.C. 109.36(A) to be applied retroactively. Thus, the trial court found that extraordinary circumstances existed to justify a departure from the judgment of the Court of Claims that was affirmed in *Nichols v. Villarreal* (1994), 94 Ohio App.3d 173, 640 N.E.2d 557.

Appellants filed a timely notice of appeal.

In their sole assignment of error, appellants assert that the trial court erred by granting partial summary judgment in favor of appellee. Appellants raise several arguments in support of this assignment of error, including the following: (1) the trial court erred in disregarding the doctrine of *res judicata* and the doctrine of law of the case; (2) the Court of Claims had exclusive original jurisdiction pursuant to R.C. 2743.02(F) to determine whether immunity applies; (3) the Ohio General Assembly did not clearly express an intent to make amended R.C. 109.36(A) retroactive; (4) the affidavit of a single legislator does not reflect the views of the entire Ohio General Assembly; and (5) amended R.C. 109.36(A) is a substantive law and therefore a retroactive application of amended R.C. 109.36(A) violates Section 28, Article II of the Ohio Constitution.

Appellee responds by raising various arguments, including the following: (1) the doctrine of *res judicata* does not prevent a court from considering subsequent changes in the law; (2) a lower court may disregard a mandate of a higher court if extraordinary circumstances, such as a change of law, exist; (3) the affidavit of Vernal G. Riffe, Jr. demonstrates that the Ohio General Assembly intended to

make amended R.C. 109.36(A) retroactive; (4) appellants submitted no documentary evidence to rebut the affidavit; (5) the Ohio General Assembly, by using the phrase "at the time a cause of action against him arises" in amended R.C. 109.36(A), clearly intended the statute to be retroactive; and (6) amended R.C. 109.36(A) is a remedial law, and therefore a retroactive application of amended R.C. 109.36(A) does not violate Section 28, Article II of the Ohio Constitution. Appellee did not respond to appellants' argument that the Court of Claims had exclusive original jurisdiction pursuant to R.C. 2743.02(F) to determine whether immunity applies.

Summary judgment is appropriate when the movant demonstrates (1) that there is no genuine issue of material fact, (2) that the moving party is entitled to judgment as a matter of law, and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party, that party being entitled to have the evidence construed most strongly in his favor. *Turner v. Turner* (1993), 67 Ohio St.3d 337, 339–340, 617 N.E.2d 1123, 1126; *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, 884; *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47. The moving party bears the burden of proving no genuine issue of material fact exists. *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801–802.

When reviewing a summary judgment, an appellate court must independently review the record to determine if summary judgment was appropriate. An appellate court need not defer to the trial court's decision in summary judgment cases. *Morehead v. Conley* (1991), 75 Ohio App.3d 409, 599 N.E.2d 786.

In the case *sub judice,* we find no genuine issue of material fact. Assuming, *arguendo,* the trial court had jurisdiction to make the immunity determination, we would find in favor of appellants. We agree with appellants that amended R.C. 109.36(A) should not be applied retroactively. In *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489, paragraph one of the syllabus, the court held as follows:

"The issue of whether a statute may constitutionally be applied retrospectively does not arise unless there has been a prior determination that the General Assembly specified that the statute so apply. Upon its face, R.C. 1.48 establishes a threshold analysis which must be utilized prior to inquiry under Section 28, Article II of the Ohio Constitution." Accord *Schoenrade v. Tracy* (1996), 74 Ohio St.3d 200, 658 N.E.2d 247; *State ex rel. Plavcan v. School Emp. Retirement Sys. of Ohio* (1994), 71 Ohio St.3d 240, 643 N.E.2d 122.

R.C. 1.48 provides that a statute is presumed to be prospective in its operation unless expressly made retroactive. If the statute does not clearly indicate

retroactive application, the statute may only apply to cases arising subsequent to its enactment. The Ohio General Assembly did not use the term "retroactive" or "retrospective" in the statute, nor did the Ohio General Assembly state that the amended statute language applied to pending cases. See *Kiser v. Coleman* (1986), 28 Ohio St.3d 259, 28 OBR 337, 503 N.E.2d 753; *Nease v. Med. College Hosp.* (1992), 64 Ohio St.3d 396, 596 N.E.2d 432. Amended R.C. 109.36(A) includes no language expressly making it retroactive.

■ Appellee, rather than relying exclusively on the language of amended R.C. 109.36(A) when arguing that the statute should be applied retroactively, relied on extrinsic evidence in support of his argument for retroactive application. The fact that appellee felt it necessary to rely on an affidavit by a former member of the Ohio General Assembly tends to support the argument that amended R.C. 109.36(A) contains no express language making it retroactive. Additionally, we note that a single legislator does not speak for the entire Ohio General Assembly. In *State v. Toney* (1909), 81 Ohio St. 130, 140, 90 N.E. 142, 144, the court wrote that a law "receives its vigor and force as law by reason of its enactment by the general assembly, no matter from what source the inspiration came." Accord *State v. Hollenbacher* (1920), 101 Ohio St. 478, 485, 129 N.E. 702, 704. In *Ohio Schools for the Blind & Deaf Edn. Assn. v. State Bd. of Edn.* (Dec. 15, 1987), Franklin App. No. 86AP–669, unreported, 1987 WL 28453, the court wrote concerning the "subsequently expressed intent or understanding of a single member of the legislature" as follows:

"We do, however, agree with appellee that the letter from the Chairman of the House Finance Education Subcommittee has no effect upon the meaning of the amendment to section 124.15(L) by Am.Sub.H.B. No. 291, which is to be determined by the language of the amendment and the surrounding circumstances including legislative history rather than the subsequently expressed intent or understanding of a single member of the legislature."

Thus, we must determine the intent of the Ohio General Assembly not from the expressions of a single legislator, but from the expression of the legislative body as a whole.

■ Additionally, we note that R.C. 2743.02(F) provides as follows:

"(F) A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of his employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, *which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity* under section 9.86 of the

Revised Code and whether the courts of common pleas have jurisdiction over the civil action." (Emphasis added.)

We agree with appellants that the statute confers "exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity" pursuant to R.C. 9.86.

We acknowledge that the word "initially" is inserted in the middle of that phrase of the statute. We find, however, that the word "initially" refers to the fact that the Court of Claims must determine immunity before determining liability. We decline to interpret the word "initially" to mean that the Court of Claims may make the immunity determination, and then another trial court may second-guess that immunity determination. Such an interpretation would lead to unreasonable results, and thus violate the express command of R.C. 1.47(C), which requires courts to presume that the legislature, when passing a statute, intended "a just and reasonable result."

Our reasoning is consistent with Ohio Supreme Court decisions that have held R.C. 2743.02(F) grants the Court of Claims exclusive, original jurisdiction over immunity questions. In *State ex rel. Sanquily v. Lucas Cty. Court of Common Pleas* (1991), 60 Ohio St.3d 78, 80, 573 N.E.2d 606, 609, the court wrote: "R.C. 2743.02(F) vests exclusive original jurisdiction in the Court of Claims to determine whether Sanquilly is immune from suit." In *Conley v. Shearer* (1992), 64 Ohio St.3d 284, 287, 595 N.E.2d 862, 865, the court wrote:

"Thus, under the unambiguous terms of R.C. 2743.02, the Court of Claims has exclusive, original jurisdiction to determine whether a state employee is entitled to personal immunity under R.C. 9.86."

In conclusion, we find that the Court of Claims has exclusive jurisdiction over R.C. 9.86 immunity questions. Thus, it appears that the trial court had no jurisdiction to render judgment on the immunity question in the case *sub judice*.

Accordingly, based upon the foregoing reasons, we sustain appellants' assignment of error.

*Judgment reversed*
*and cause remanded.*

HARSHA and KLINE, JJ., concur.