JOURNAL ENTRY and OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the Cuyahoga County Court of Common Pleas and the briefs and oral arguments of counsel. Defendant Sol Gerth appeals from an order compelling him to produce evidence relating to the formation of certain trusts benefitting his wife. Plaintiff Kimberly Holliday sought the information in connection with a civil suit she filed against Gerth. She believed that Gerth established the trusts in order to protect his financial assets from a possible judgment and may have backdated those trust instruments to show they were created before the tortious conduct occurred. Gerth resisted producing records relating to the formation of the trusts on grounds that they were protected by the attorney-client privilege. The court denied the motion for a protective order and Gerth has taken this interlocutory appeal.
 {¶ 2} We must first address a motion to dismiss that has been referred to this panel. Holliday asks us to dismiss the appeal on grounds that the discovery order being appealed from is not subject to immediate appellate review as being a provisional remedy defined by R.C. 2505.02(A)(3). She maintains that none of the requested financial data falls within the attorney-client privilege. Gerth argues that Holliday has simply recharacterized the nature of the financial documents in such a way as to sweep those components falling within the privilege away with those that may not.
 {¶ 3} Unfortunately, Gerth fails to show exactly which documents are subject to the attorney-client privilege. "[T]he burden of showing that testimony sought to be excluded under the doctrine of privileged attorney-client communications rests upon the party seeking to exclude it." Waldmann v. Waldmann (1976),48 Ohio St.2d 176, 178. The subpoena at issue requested:
 {¶ 4} "Any and all drafts, including the final draft and the draft identified by Reference No. 1241065v1 of the Declaration of Trust of Shirley S. Gerth, prepared in the fall of 2002, and any bills, statements and/or itemized bills for services provided in connection with the preparation of that Declaration of Trust."
 {¶ 5} Gerth argues that the various drafts of the trust prior to the final document relate directly to advice that "may have been given" to the Gerths by the attorney drafting their estate plans. R. 33. By citing to communications that "may have been given," Gerth impliedly shows that he has no concrete basis for asserting the privilege. Gerth makes no convincing argument to show exactly what privileged information may be requested by the subpoena. For example, information relating to itemized billing typically does not contain privileged communications. As we noted, Holliday believed that Gerth created the trusts shortly after being informed that he would be named in a civil lawsuit, his intent being to shield his assets from a judgment.
 {¶ 6} Of course, it would be naive to assume that Holliday is only interested in the dates relating to the creation of the trusts. We assume that one of her reasons for seeking this discovery is to show that Gerth wrongfully backdated the trusts in order to protect assets from a civil judgment. If that is the case, and we stress that we express no opinion on whether that circumstance occurred, that fact could be fair game for use at trial as part of a punitive damages claim. At that point, privilege concerns may be more tangible and thus Gerth could seek another protective order. In that event, Gerth could request an in camera inspection of allegedly privileged material and avoid interlocutory appeals — something he has so far failed to request. To be sure, Gerth now maintains the court should have conducted an in camera inspection. But such an inspection is predicated on an initial showing of merit, and as we have noted, Gerth failed to make that showing here.
 {¶ 7} We therefore find nothing in the record to show that the information sought by the subpoena would encompass communications falling within the attorney-client privilege. This being the case, no provisional remedy is present under R.C.2505.02(B)(4). There is no final appealable order. See Dublin v.State (2000), 138 Ohio App.3d 753, 758. Dismissed.
This appeal is dismissed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., P.J., and McMonagle, J., concur.