**[Cite as *Columbus City School Dist. v. State*, 2024-Ohio-1217.]**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Columbus City School District et al., | : | |
| Plaintiffs-Appellees, | : | |
| | : | No. 24AP-60 |
| v. | : | (C.P.C. No 22CV-000067) |
| State of Ohio et al., | : | (ACCELERATED CALENDAR) |
| Defendants-Appellees, | : | |
| [Ohio Senate President Matthew Huffman,: | | |
| Non-Party/Appellant]. | : | |

---

D E C I S I O N

Rendered on March 29, 2024

---

*McCarthy, Lebit, Crystal & Liffman Co. LPA, Mark I. Wallach*, and *Larence R. Acton*; *Weston Hurd LLP, Maria Fair*, and *Alexandra C. Eckrich*, for appellees Columbus City School Dist. et al.

*Shumaker, Loop & Kendrick, LLP, Mark D. Wagoner*, and *David F. Axelrod*, for non-party/appellant Matthew Huffman.

---

ON MOTION TO DISMISS

BOGGS, J.

{¶ 1} On February 2, 2024, plaintiffs-appellees, Columbus City School District et al., filed the instant motion to dismiss contending this court lacks jurisdiction over the December 21, 2023 order appealed by non-party/appellant, Matthew Huffman, President of the Ohio Senate. Appellant filed a response to the motion to dismiss arguing the discovery order is final and appealable under R.C. 2505.02(B)(4), and appellees filed a

reply.  Upon review of the parties' arguments, we conclude the order is not final and appealable.

{¶ 2}  Ohio's courts of appeal have jurisdiction "to review and affirm, modify, or reverse judgments or final orders." Ohio Constitution, Article IV, Section 3(B)(2).  If a trial court's order is not final and appealable, a reviewing court has no jurisdiction to review the matter and the appeal must be dismissed. *In re Special Grand Jury Investigation*, 10th Dist. No. 17AP-446, 2018-Ohio-760, ¶ 6.

{¶ 3}  "The general rule is that all orders in a case must be reviewed in a single appeal after final judgment." *State v. Glenn*, 165 Ohio St.3d 432, 2021-Ohio-3369, ¶ 10. "[D]iscovery orders, which are generally interlocutory in nature," are not immediately appealable. *Karr v. Salido*, 10th Dist. No. 21AP-672, 2022-Ohio-2879, ¶ 9.  However, R.C. 2505.02 provides a "limited exception" to this general rule. *Glenn* at ¶ 10.  Under R.C. 2505.02(B)(4), an appellate court has jurisdiction to review, affirm, modify, or reverse an "order that grants or denies a provisional remedy," which is defined as "a proceeding ancillary to an action" and includes a proceeding for "discovery of privileged matter." R.C. 2505.02(B)(4) and (A)(3).  However, this limited exception only applies if both of the following circumstances are satisfied:

> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

> (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

R.C. 2505.02(B)(4)(a) and (b).

{¶ 4}  Whether a discovery order warrants an interlocutory appeal is evaluated on a "case-by-case" basis. *Glenn* at ¶ 28.  The appellant has the "burden of establishing the appellate court's jurisdiction over an interlocutory appeal." *Id.* at ¶ 22.

{¶ 5}  In this case, the underlying action involves appellees' challenge to the constitutionality of the Ohio General Assembly's expansion of the EdChoice Scholarship Program, codified in R.C. Chapter 3310.  On March 22, 2023, appellees served appellant, who is the President of the Ohio Senate and is not a party to the action, with a subpoena for

a deposition. Appellant filed a motion to quash arguing, among other issues, that legislative privilege prohibited the deposition. After further briefing, the trial court issued on December 21, 2023 the instant order granting appellant's motion to quash in part and modifying the subpoena pursuant to Civ.R. 45(C). Specifically, the trial court modified the subpoena to remove the requirement that appellant attend an in-person oral deposition and to instead permit appellees to submit no more than 20 "written deposition" questions to appellant. (Dec. 21, 2023 Decision & Entry at 10.) The order specifies, "[t]hese written deposition questions shall be limited to matters that do not implicate legislative privilege, but may request the identities of entities and individuals, and other information, related to off the record communications about the passing of H.B. 110 between those entities and individuals, and [appellant]." *Id*. at 10. The order further allows appellees to seek reconsideration of the order should appellant's answers to the written deposition questions demonstrate an in-person oral disposition is likely to provide additional relevant information that is not obtainable elsewhere and not protected by the legislative privilege.

{¶ 6} On this record, appellant has failed to establish this order is final and appealable. First, "the threshold requirement for an order to be appealable under R.C. 2505.02(B)(4) is that the order must grant or deny a provisional remedy." *Glenn* at ¶ 12. Appellant argues the order qualifies as a provisional remedy since it involves discovery of privileged matter. In assessing whether he is correct, we need only decide whether the appellant made a "colorable claim" that the trial court's "order directs him to disclose information that might be protected" by legislative privilege. *Glenn* at ¶ 13, 20. In this case, the trial court order in pertinent part modifies the subpoena to state the plaintiffs "may" submit deposition questions of a certain nature and specifies that information should not implicate legislative privilege. (Decision & Entry at 10.) The order does not direct appellant to disclose any information at this point and, therefore, fails the threshold requirement.

{¶ 7} Even if, for sake of argument, we were to find appellant presents a "colorable claim" that the trial court's order directs the disclosure of information protected by legislative privilege, appellant nevertheless has not shown that the order "in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy." R.C. 2505.02(B)(4)(a). At this point in the proceedings, whether appellees will decide to submit

deposition questions to appellant, the content of those potential questions, appellant's actions upon receipt of those questions, and the trial court's future determinations as to the deposition questions all have yet to be determined.

{¶ 8}  In these circumstances, we conclude the present appeal is premature.  *See e.g. Autumn Health Care of Zanesville, LLC v. DeWine*, 10th Dist. No. 14AP-593, 2015-Ohio-2655, ¶ 7 (determining that, to the extent the trial court's order compelled the non-party appellants to attend depositions, "the record is insufficiently developed to establish whether the testimony to be elicited at the depositions would involve the disclosure of privileged information" and, therefore, the order did not constitute a final and appealable order under R.C. 2505.02(B)(4)(a)); *Citibank, N.A. v. Hine*, 4th Dist. No. 17CA3598, 2017-Ohio-5537, ¶ 15 (following *Autumn Health Care* in circumstances where the record was insufficiently developed to establish that the appellant's deposition would result in the disclosure of any privileged materials and noting "[c]ounsel may object to questions posed * * * [and]  the trial court can determine the applicability of any privilege[,]" and "[a]fter the trial court has issued its rulings, the requirements of R.C. 2505.02(B)(4) may be satisfied."); *Riggs v. Richard,* 5th Dist. No. 2006CA00234, 2007-Ohio-490, ¶ 21-22 (holding that an order denying the appellants' motion for protective order was not a final, appealable order where "[w]hat information is being sought and whether it would be protected by the [asserted] privilege, whether it is subject to exception, or waived has not been sufficiently developed by the record in the case sub judice" and explaining "[t]o properly address whether the communications or material sought is subject to the [asserted] privilege, it is, at a minimum, necessary to ask the questions first and for the privilege rule to be invoked.  After such has occurred, the trial court then can, at hearing, determine if, in fact, privileged matters may be disclosed."); *Buffmyer v. Cavalier*, 5th Dist. No. 03COA067, 2004-Ohio-3303, ¶ 17-18 (determining order denying Civ.R. 45(C)(3) motion to quash or modify a subpoena was not a final appealable order since "[w]hether or not the matters sought by appellee would violate the [asserted] privilege is not sufficiently developed by the record in its present state. * * * [I]n order to properly address the issues raised by Civ.R. 45(C)(3), it is at a minimum necessary to ask the questions and for the privilege rule to be invoked. The trial court can then, at hearing, determine if in fact privileged matters may be disclosed.").

{¶ 9}    We note that although the parties debate the applicability of *Dublin v. State*, 138 Ohio App.3d 753 (10th Dist.2000), *Dublin* is consistent with, but does not control, the outcome here.  Unlike the instant case, *Dublin* involved a trial court discovery order that "actually compelled" certain information to be disclosed. *Id.* at 758. Faced with that order, this court reviewed whether the sought-after information was privileged to support an interlocutory appeal pursuant to R.C. 2505.02(B)(4).  Finding the information in that case was not privileged, this court determined the trial court order was not final and appealable and dismissed the case.  Here, because the order appealed from permits appellees to submit questions but stops short of compelling appellant to answer, we do not proceed to determine the issue of legislative privilege at this juncture.

{¶ 10}    "In short, the uncertainty surrounding what the trial court would consider satisfactory compliance with its order suggests that the order would be better reviewed after the situation has fully unfolded." *Glenn* at ¶ 26.  This uncertainty will lessen considerably once appellees have presented their deposition questions. Depending on the content of those questions, appellant may again move to quash, and the trial court will have the opportunity to review appellant's concerns in the context of the questions being posed. If the trial court directs appellant to disclose information protected by legislative privilege, appellant may again pursue an appeal. We acknowledge appellant's concern that this matter may "end up back in front of this court in a matter of days." (Memo Contra Mot. to Dismiss at 11, fn 5.)  However, appellant's potential ability to quickly appeal following our dismissal does not influence our present jurisdiction as determined under the R.C. 2505.02(B) requirements.

{¶ 11}    Considering all of the above, we conclude the December 21, 2023 order is not a final appealable order on the facts of this case.  Accordingly, this court lacks jurisdiction over the instant appeal.

*Motion granted; appeal dismissed.*

DORRIAN and EDELSTEIN, JJ., concur.

_____